UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID J. DOBY,

    Plaintiff,

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

Civil Action
No. 21-19350 (CPO) (MJS)

OPINION

**O'HEARN, District Judge.**

    Plaintiff, a state inmate, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss the Complaint with prejudice for lack of jurisdiction.

## I.     BACKGROUND[1]

    This case arises from Plaintiff's incarceration at two New Jersey prisons, Bayside State Prison and South Woods State Prison. (ECF No. 1, at 2–10.) Plaintiff names the New Jersey Department of Corrections ("NJDOC"), the NJDOC's Special Investigation Department, Bayside State Prison, and South Woods State Prison, as Defendants in this matter. (*Id*. at 1–10.)

    Plaintiff contends that at unspecified times, unspecified individuals, "sexually abused, raped, and molested [him] multiple times." (*Id*. at 2, 5.) Plaintiff alleges that Defendants failed to protect him from these attacks and made him fear to report the abuse. (*Id*. at 2–10.) Plaintiff also alleges that South Woods State Prison housed him in a filthy cell, with human feces on the walls

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

and doors, refused to provide him with disinfectant, and did not follow any Covid-19 sanitation protocols. (*Id*. at 6–7.)

Plaintiff filed the instant Complaint in October of 2021.  In terms of relief, Plaintiff seeks compensation for his pain and suffering, and punitive damages. (*Id*. at 8–9.)  Plaintiff also seeks an order to bar Defendants "from any acts of retaliation that can be inferred . . . as being related to [these] claims." (*Id*. at 9.)

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed above, Plaintiff sues only the NJDOC, the NJDOC's Special Investigation Department, Bayside State Prison, and South Woods State Prison.[2] The Court will broadly construe the Complaint as alleging that Defendants subjected him to cruel and unusual punishment under the Eighth Amendment for failing to protect him and for housing him in filthy conditions.

The Court, however, does not need to address the merits of Plaintiff's claim because he sues only State entities. To be liable within the meaning of 42 U.S.C. § 1983, a defendant must

---

[2] The Court does not construe Plaintiff's Complaint as asserting claims against any of the inmates who assaulted him or any particular employee. (ECF No. 1.)

be a "person."  The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State or an official thereof acting in his or her official capacity is not a "person" within the meaning of § 1983.

Further, under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Absent a specific waiver, the Supreme Court has interpreted the Eleventh Amendment to protect a state from "suit in federal court by its own citizens as well as those of another state." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996)   (internal quotation marks omitted)  (citing *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Hans v. Louisiana*, 134 U.S. 1 (1890)).  This immunity is available to all States, as well as any entity that is "an arm of the state." *See Mt. Healthy City Bd. of Educ. v. Boyle*, 429 U.S. 274, 280 (1977).

In this case, Plaintiff has filed suit against the NJDOC, the NJDOC's Special Investigation Department, Bayside State Prison, and South Woods State Prison.  In the Third Circuit, courts have consistently held that the NJDOC and its subsidiaries, like the NJDOC's Special Investigation Department, Bayside State Prison, and South Woods State Prison, are not "persons" subject to liability under § 1983 as they are immune from suit in federal court under the Eleventh Amendment. *See, e.g.*, *Szemple v. Rutgers Univ.*, No. 19-13300, 2021 WL 689129, at *2 (D.N.J. Feb. 22, 2021); *Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).

Consequently, the Court will dismiss with prejudice all claims against the NJDOC, the NJDOC's Special Investigation Department, Bayside State Prison, and South Woods State Prison,

for lack of jurisdiction. *See, e.g.*, *Blanciak.*, 77 F.3d at 694 n.2 ("The Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."); *Grabow*, 726 F. Supp. at 539 ("At this juncture, this court has concluded that defendants are immune under the eleventh amendment, and therefore not persons within the meaning of § 1983. Rather than dismiss the complaint under Fed. R. 12(b)(6) for failure to state a claim, the court must find that it lacks subject-matter jurisdiction and that dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate.").

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint with prejudice for lack of jurisdiction.  If Plaintiff believes he can allege facts entitling him to relief against a proper "person" under § 1983, he may file a new complaint, under a new docket number.  An appropriate Order follows.

Dated:  March 21, 2022

                                                              /s/ Christine P. O'Hearn
                                                              **Christine P. O'Hearn**
                                                              **United States District Judge**